Michael MARRA

v.

H & H PRODUCTS, INC., Charles Jocelyn and Lee Oliveira.

No. 97–484–Appeal.

Supreme Court of Rhode Island.

Oct. 28, 1998.

Joseph E. Marran, Jr., Pawtucket.

Stephen A. Rodio, Providence.

### ORDER

This case came before a hearing panel of this court October 20, 1998, for oral argument pursuant to an order that had directed both parties to appear and show cause why the issues raised by this appeal should not be summarily decided. After hearing the arguments of counsel and examining the memoranda filed by the parties, we are of the opinion that cause has not been shown and

that the issues raised by this appeal should be decided at this time.

The plaintiff, Michael Marra, appeals from a judgment entered in the Superior Court in favor of the defendants, H & H Products, Inc. (H & H), Charles Jocelyn, and Lee Oliveira. The plaintiff brought an action against the defendants for breach of contract and conversion of a backhoe owned by plaintiff.

In October 1993, plaintiff utilized the backhoe to dig a trench on H & H's premises for the placement of electrical wires. For reasons that are not clear, the job was not completed or was at least delayed pending work to be performed by an electrical contractor. In any event, there was a failure of communication between plaintiff and defendants due in part to the departure of a Mr. Turgeon from the employ of H & H. The backhoe remained on the H & H Products, Inc.'s lot until sometime in 1994.

The defendant, Jocelyn, an employee of H & H, testified that in April of 1994 he removed the backhoe from H & H's lot to his home in Bristol, Rhode Island. Ultimately, the backhoe was parked in the yard of Jocelyn's neighbor, Lee Oliveira.

The plaintiff filed a complaint seeking the sum of $6,400 for the detention of his backhoe and in another count sought damages for conversion of the backhoe. The defendants counterclaimed for plaintiff's failure to complete the trench job and for a continuing trespass for having left the backhoe on H & H's property.

After trial before a justice of the Superior Court, without the intervention of a jury, the trial justice entered judgment in favor of defendants on both counts of plaintiff's complaint and in favor of the plaintiff on the defendants' counterclaims for trespass.

The trial justice concluded that plaintiff had abandoned his backhoe and that there was no evidence that the defendants made any effort to require plaintiff to remove his backhoe from H & H's property. We have often stated that our review of the findings of a trial justice in a nonjury trial is extremely deferential and that those findings will not be disturbed unless they are clearly wrong or unless material evidence has been misconceived or overlooked. *Epstein v. Dimeo,* 694 A.2d 30, 32 (R.I.1997); *Picard v. Barry Pontiac–Buick, Inc.,* 654 A.2d 690, 693 (R.I.1995). Our review of the record indicates that the findings of the trial justice were supported by ample evidence in respect to both plaintiff's complaint and the defendants' counterclaim.

Consequently, the appeals of both plaintiff and the defendants are denied and dismissed. The judgment entered in the Superior Court is affirmed.

Justices FLANDERS and GOLDBERG did not participate.